IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TINA M. MALONE,

                OPINION AND ORDER

        Plaintiff,

                20-cv-670-bbc

    v.

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Tina M. Malone seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding plaintiff not disabled within the meaning of the Social Security Act. Plaintiff contends that the administrative law judge (ALJ) erred by failing to assess the medical opinion evidence properly. After reviewing the record, I am not persuaded that the ALJ erred, and will therefore affirm the commissioner's decision.

The following facts are drawn from the administrative record (AR).

OPINION

Plaintiff seeks disability insurance benefits and supplemental security income beginning in July 2017, when she was 46 years old. In a September 2019 decision, the ALJ found that plaintiff was not disabled. Although plaintiff suffered from several severe impairments, including a history of aortic valve replacement; obesity; diabetes mellitus;

1

Chron's Disease; osteopenia; and carpal tunnel syndrome, she had the residual functional capacity to perform a reduced range of sedentary work. AR 44, 47. Relying on the testimony of a vocational expert, the ALJ found that plaintiff could still perform her past relevant work as an accounting cash clerk, as well as other jobs in the national economy. AR 52, 54. The Appeals Council denied plaintiff's appeal, AR 1-7, and plaintiff filed this lawsuit.

The case is now before this court to determine whether the ALJ's decision is supported by substantial evidence, that is, "sufficient evidence to support the agency's factual determinations." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). The threshold for sufficiency is not high; the substantial evidence standard requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The ALJ must identify the relevant evidence and build a "logical bridge" between that evidence and the ultimate determination. Moon v. Colvin, 763 F.3d 718, 721 (7th Cir. 2014).

Plaintiff raises only one challenge to the ALJ's decision. She argues that the ALJ erred in assessing the medical opinions in the record. In particular, plaintiff argues that the ALJ improperly rejected the opinions of Dr. S. Brooks, plaintiff's treating physician, and Dr. Neil Johnson, a consultative examining physician, regarding plaintiff's functional capacity. She also argues that the ALJ erred by giving more weight to the opinions of the reviewing consultants. Plaintiff alleges that the ALJ did not comply with the applicable Social Security regulations, which required the ALJ to evaluate medical opinions using the following five

factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors.  20 C.F.R. §§ 404.1520c(a)-(c).

Dr. Brooks completed two checklist forms in which he indicated that plaintiff had severe functional limitations.  On the first form, in November 2017, he noted that in an eight-hour workday, plaintiff could lift and carry less than 10 pounds frequently or occasionally; stand and walk less than two hours total; sit about two hours total; stand 10 minutes at a time; sit 15 minutes at a time; lie down once; and walk for five minutes every 20 minutes.  AR 701.  He also wrote that plaintiff had unspecified limitations using her hands and arms, and likely would be absent from work more than four days each month. AR 702.  Brooks noted that his opinions were supported by "exam & patient history."  AR 701.  In June 2019, Dr. Brooks completed a second checklist form that identified essentially the same restrictions as the first form.  AR 928-30. The ALJ

Plaintiff criticizes the ALJ for rejecting Dr. Brooks' opinions, but plaintiff's arguments are unpersuasive.  The ALJ explained that the doctor had failed to cite any of plaintiff's medical history to support his opinions, and that Brooks' own medical notes showed generally mild or minimal findings, except as to plaintiff's obesity and her subjective complaints.  In addition, Brooks' medical examinations had concerned plaintiff's edema, cardiac and respiratory problems, for which he had prescribed only a conservative course of treatment.  AR 51.  The ALJ also noted that plaintiff's medical records showed that her symptoms had improved or remained stable with medication and treatment.  AR 50.

3

Plaintiff takes issue with the ALJ's reasons for discounting Dr. Brooks' opinions, but she has not shown that the ALJ's decision should be reversed. Stepp v. Colvin, 795 F.3d 711, 718 (7th Cir. 2015) (court must uphold "all but the most patently erroneous reasons for discounting a treating physician's assessment."). Plaintiff contends that the ALJ misinterpreted evidence, but plaintiff does not point to any treatment records that would support greater limitations than those found by the ALJ. For his part, the Commissioner identified numerous medical records showing generally insignificant findings that were inconsistent with Brooks' opinion and supported the ALJ's residual functional capacity assessment. Dkt. #18 at 13-14. Plaintiff did not attempt to refute the Commissioner's arguments. In fact, plaintiff did not file a reply brief.

Plaintiff's argument regarding consultant examiner Dr. Johnson also fails. Johnson examined plaintiff in May 2018, and noted that plaintiff walked with a small stepped gait and mild limp on the left; could not tandem walk; had severe difficulty squatting; was obese; had strongly positive Tinel's sign in both hands; had decreased flexion in the dorsolumbar spine and left knee; and was able to pick up a coin and button with difficulty. AR 766-67. Johnson also noted that plaintiff's pinch and grip were terrible, that she had some mild fine dexterity impairment, and that repetitive use of her hands would be difficult. AR 768-69. The ALJ found Johnson's report inconsistent with other examinations in the record, which showed only minimal significant findings. AR 50. There were no medical records discussing plaintiff's hand impairments. In addition, the ALJ found that the opinions of the state reviewing physicians were more persuasive than Johnson's or Brooks' and were supported

by the medical records. AR 51. The ALJ clearly explained her reasons for discounting Johnson's assessment and for accepting the reviewing physicians' opinions. Moreover, plaintiff has failed to point to any evidence that she believes supports Johnson's assessment or that would support further restrictions.

In sum, the ALJ explained how the limitations included in the residual functional capacity assessment were supported by evidence in the record, including plaintiff's subjective symptoms, medical treatment records, and the opinions of the medical consultants who found that plaintiff retained the ability to perform sedentary work. Therefore, I will affirm the Commissioner's decision denying benefits.

## ORDER

IT IS ORDERED that the that the decision of defendant Andrew Saul, Commissioner of Social Security, is AFFIRMED and plaintiff Tina Malone's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 3rd day of June, 2021.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge